# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> PHILIPS LUMILEDS LIGHTING CO. and CREE, INC., <br><br> Defendants. | **Civil Action No. 2:07-CV-463 (TJW)** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

For their Complaint, Plaintiffs Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") allege as follows:

### THE PARTIES

1. Plaintiff Honeywell International is a corporation organized and existing under the laws of the State of Delaware with a principal place of business and address at 101 Columbia Road, P.O. Box 2245, Morristown, New Jersey, 07962-2245.

2. Plaintiff HIPI is an affiliate of, and ultimately a wholly owned subsidiary of, Honeywell International. HIPI is the owner of U.S. Patent No. 6,373,188 B1 (the "'188 patent") at issue in this action, and has granted Honeywell International an exclusive license in the '188 patent. HIPI is a corporation organized and existing under the laws of the State of Arizona with a principal place of business at 960 W. Elliott Rd., Tempe, Arizona 85284. (Honeywell International and HIPI will be referred to collectively herein as "Honeywell.")

3. On information and belief, Defendant Philips Lumileds Lighting Co., LLC ("Philips Lumileds") is a Delaware Corporation with a principal place of business at 370 W. Trimble Road, San Jose, California, 95131 with operations in the Netherlands, Japan, Malaysia and Singapore, and with sales offices around the world.

4. On information and belief, Defendant Cree, Inc. ("Cree") is a North Carolina Corporation with a principal place of business at 4600 Silicon Drive, Durham, North Carolina, 27703 with operations in North Carolina, California, Sweden, Hong Kong, Japan, and Austria and has relationships with distributors throughout North America.

5. Collectively, Philips Lumileds and Cree shall be referred to herein as "the Defendants."

## JURISDICTION AND VENUE

6. This action arises under the United States Patent Laws, codified at 35 U.S.C. §§ 1 *et seq.*

7. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendant Philips Lumileds because Philips Lumileds has transacted business in Texas, has committed acts of infringement in Texas, and is continuing to commit acts of infringement in Texas.

9. This Court has personal jurisdiction over the Defendant Cree because Cree has transacted business in Texas, has committed acts of infringement in Texas, and is continuing to commit acts of infringement in Texas.

10. Venue is proper in this District as to each of the Defendants, pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,373,188

11. On April 16, 2002, U.S. Patent No. 6,373,188 B1 entitled "Efficient Solid-State Light Emitting Device With Excited Phosphors For Producing A Visible Light Output," was duly and lawfully issued by the U.S. Patent and Trademark Office to Burgess R. Johnson and Wei Yang. A true and correct copy of the '188 patent is attached hereto as Exhibit A.

12. Honeywell International and HIPI together own all substantial rights in the '188 patent, including the right to exclude others from making, using, importing, offering for sale, or selling products covered by one or more claims of the '188 patent, the right to bring actions for infringement of the '188 patent, and the right to demand damages as well as injunctive relief.

## COUNT I:  PHILIPS LUMILEDS' INFRINGEMENT

13. Honeywell repeats and re-alleges paragraphs 1 through 12 above, as if fully set forth herein.

14. Philips Lumileds has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, and/or is inducing infringement and/or is a contributory infringer of the '188 patent by its manufacture, use, sale, offer for sale, importation and/or distribution of lighting products incorporating light emitting diodes or LEDs that are covered by at least claim 28 of the '188 patent, and/or by its sale of such lighting products that are incorporated into products, with the knowledge and intention that such products would be sold throughout the United States, including in Texas and in this District.  On information and belief, such products include, for example and without limitation, automobiles, emergency lighting systems, general lighting, commercial lighting and flashlights.

15. Philips Lumileds' acts constitute direct infringement, inducement to infringe and/or contributory infringement, literally and/or under the doctrine of equivalents.

16. Because these acts of infringement by Philips Lumileds have caused damage to Honeywell, Honeywell is entitled to recover from Philips Lumileds the damages sustained by Honeywell as a result of Philips Lumileds' wrongful infringement.

17. Philips Lumileds' infringing activities are willful, entitling Honeywell to treble damages under 35 U.S.C. § 284.

18. Philips Lumileds' infringement warrants a finding that this is an exceptional case, entitling Honeywell to recover its attorney fees and expenses under 35 U.S.C. § 285.

## COUNT II:  CREE'S INFRINGEMENT

19. Honeywell repeats and re-alleges paragraphs 1 through 18 above, as if fully set forth herein.

20. Cree has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, and/or is inducing infringement and/or is a contributory infringer of the '188 patent by its manufacture, use, sale, offer for sale, importation and/or distribution of lighting products incorporating light emitting diodes or LEDs that are covered by at least claim 28 of the '188 patent, and/or by its sale of such lighting products that are incorporated into products, with the knowledge and intention that such products would be sold throughout the United States, including in Texas and in this District.  On information and belief, such products include, for example and without limitation, mobile phones, automobiles, digital still cameras, outdoor displays, general lighting, outdoor lighting, aircraft lighting, traffic signal lighting, crosswalk signs, televisions, and monitors.

21. Cree's acts constitute direct infringement, inducement to infringe and/or contributory infringement, literally and/or under the doctrine of equivalents.

22. Because these acts of infringement by Cree have caused damage to Honeywell, Honeywell is entitled to recover from Cree the damages sustained by Honeywell as a result of Cree's wrongful infringement.

23. Cree's infringing activities are willful, entitling Honeywell to treble damages under 35 U.S.C. § 284.

24. Cree's infringement warrants a finding that this is an exceptional case, entitling Honeywell to recover its attorney fees and expenses under 35 U.S.C. § 285.

## JURY DEMAND

Honeywell demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Honeywell International Inc. and Honeywell Intellectual Properties Inc. pray for relief as follows:

(a) Judgment that Philips Lumileds has directly infringed, induced others to infringe, and/or has contributed to the infringement of the '188 patent;

(b) Judgment that Philips Lumileds' infringement has been and continues to be willful;

(c) A permanent injunction enjoining Philip Lumileds, and its officers, directors, employees, agents, consultants, contractors and all others acting in privity with Philips Lumileds from further direct and/or contributory infringement of the '188 patent, and/or from inducing others to infringe the '188 patent;

(d) An award to Honeywell of damages adequate to compensate for the infringement by Philips Lumileds, in an amount to be proven at trial, together with pre-judgment and post-judgment interest and costs, as fixed by the Court;

  (e)  Trebling the damages due to Philips Lumileds' willful infringement, pursuant to 35 U.S.C. § 284;

  (f)  A finding that, with respect to Philips Lumileds, this case has been exceptional, and an award to Honeywell of its reasonable costs and attorney fees pursuant to 35 U.S.C. § 285;

  (g)  Judgment that Cree has directly infringed, induced others to infringe, and/or has contributed to the infringement of the '188 patent;

  (h)  Judgment that Cree's infringement has been and continues to be willful;

  (i)  A permanent injunction enjoining Cree, and its officers, directors, employees, agents, consultants, contractors and all others acting in privity with Cree from further direct and/or contributory infringement of the '188 patent, and/or from inducing others to infringe the '188 patent;

  (j)  An award to Honeywell of damages adequate to compensate for the infringement by Cree, in an amount to be proven at trial, together with pre-judgment and post-judgment interest and costs, as fixed by the Court;

  (k)  Trebling the damages due to Cree's willful infringement, pursuant to 35 U.S.C. § 284;

  (l)  A finding that, with respect to Cree, this case has been exceptional, and an award to Honeywell of its reasonable costs and attorney fees pursuant to 35 U.S.C. § 285; and

  (m)  An award to Honeywell of such other and further relief as the Court may deem just.

Dated: October 19, 2007        Respectfully submitted,

*/s/ Robert M. Parker*
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No.  00787165
Charles Ainsworth
State Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903/531-3535
903/533-9687 - Facsimile
E-mail: rmparker@pbatyler.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com

Lawrence J. Gotts
(lawrencegotts@paulhastings.com)
Aslan Baghdadi
(aslanbaghdadi@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C.  20005
Tel.:    202-551-1700
Fax:    202-551-0108

*Attorneys for Plaintiffs*
*Honeywell International Inc. and*
*Honeywell Intellectual Properties Inc.*